UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06859-MCS-SSC | Date | September 8, 2025 |
| Title | *Kunstel v. General Motors LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 13) (JS-6)**

Plaintiffs Timothy Jon Kunstel and Patricia Lynn Kunstel move to remand this case to the state court from which Defendant General Motors LLC removed it. (Mot., ECF No. 13.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for October 6, 2025. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Defendant did not file a timely response brief. (Initial Standing Order § 9(b), ECF No. 7 (setting motion briefing deadlines departing from the local rules).)[1] The Court deems Defendant's failure to timely respond to the motion as its consent to the granting of the motion. C.D. Cal. R. 7-12; *e.g.*, *Shaw v. Costco Wholesale Corp.*, No. 2:25-cv-03035 MWC (MARx), 2025 U.S. Dist. LEXIS 104336, at *3 (C.D. Cal. June 2, 2025) (collecting cases granting motions to remand based on failure to file a timely opposition); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). In particular, the Court deems conceded that a basis for federal jurisdiction was ascertainable from

---

[1] Defendant's opposition brief is stricken as untimely. (Opp'n, ECF No. 15.)

the face of Plaintiffs' complaint, so Defendant's removal of the action over 30 days after service of the complaint was untimely. (Mot. 4–5); *see* 28 U.S.C. § 1446(b)(1), (3). Remand is warranted.

In connection with the motion, Plaintiffs request an award of fees incurred because of removal. (Mot. 8–9.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs is discretionary. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). The Court declines to exercise its discretion to issue an award given Plaintiffs' failure to comply with the Court's rules governing motions for fees. (Initial Standing Order § 10(d).)[2]

The Court remands the case to the Los Angeles County Superior Court, No. 25STCV07161. The Court directs the Clerk to effect the remand immediately and close the federal case.

**IT IS SO ORDERED.**

---

[2] The Court also questions the veracity of representations by counsel regarding the time incurred after removal. (Yang Decl. ¶ 11, ECF No. 13-1.) For example, the Court doubts that drafting this motion required over an hour and a half of attorney time given that counsel filed several substantially identical motions in other cases assigned to this judicial officer. *See generally, e.g.*, Motion to Remand, *Alvarez v. Gen. Motors LLC*, No. 5:25-cv-01955-MCS-MAA (C.D. Cal. Aug. 15, 2025), ECF No. 14. Time spent toward most of these motions must have been saved in adapting the first that was drafted.